**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

COMMUNITY VOICE LINE, L.L.C., a Maryland Limited Liability Company,

    Plaintiff,

vs.

METROPCS COMMUNICATIONS, INC., a Delaware Corporation,

    Defendant.

No. C 11-4019-MWB

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

_____

In a Complaint (docket no. 3) filed in this case on February 22, 2011, plaintiff Community Voice Line, L.L.C., alleges that defendant MetroPCS Communications, Inc., a wireless or cellular communications provider, is blocking its customers from reaching services provided by Community Voice through telephone numbers assigned to Community Voice by a local exchange carrier (LEC) in Spencer, Iowa. Community Voice alleges that its service allows telephone owners throughout the United States to dial a number and listen to news and other lawful content or to participate in conference calls. Community Voice's claims are "unlawful call blocking" in violation of the Telecommunications Act of 1996, 47 U.S.C. § 201, in **Count 1**; "unlawful discrimination" in violation of 47 U.S.C. § 202(a), in **Count 2**; "tortious interference with contractual relations" in **Count 3**; "declaratory judgment" in **Count 4**; and "injunctive relief" in **Count 5.**

This case is before the court on Community Voice's February 22, 2011, Motion For Temporary Restraining Order (docket no. 4),[1] pursuant to Rule 65 of the Federal Rules of Civil Procedure, and MetroPCS's February 24, 2011, Motion To Dismiss For Lack Of Personal Jurisdiction (docket no. 13), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. By Order (docket no. 11), filed February 24, 2011, the court set telephonic oral arguments on Community Voice's Motion For Temporary Restraining Order for Friday, February 25, 2011. On February 24, 2011, the same day it filed its Motion To Dismiss, MetroPCS also filed a Motion To Continue TRO Hearing (docket no. 16), asserting that the court must decide the personal jurisdiction issue before it hears the TRO motion, so that the court was required to continue the TRO hearing. By Text Order (docket no. 17), the court denied MetroPCS's Motion To Continue; directed Community Voice to be prepared to respond to MetroPCS's Motion To Dismiss at the telephonic oral arguments on the TRO on February 25, 2011; and directed that Community Voice file any written response to the Motion To Dismiss by 2:00 p.m. on February 25, 2011. Community Voice filed a written Resistance To Defendant MetroPCS's Motion To Dismiss For Lack Of Personal Jurisdiction Under Rule 12(b)(2) (docket no. 19) prior to the deadline set by the court.

The court heard telephonic oral arguments on the pending motions on February 25, 2011. Plaintiff Community Voice was represented by local counsel Jeremy Cross of the Cross Law Firm, P.L.C., in Sioux City, Iowa, who argued the jurisdictional issues, and Michael Brian Hazzard of Arent Fox, L.L.P., in Washington, D.C., who argued the TRO issues. Defendant MetroPCS was represented by Brett C. Govett of Fulbright & Jaworski, L.L.P., in Dallas, Texas, who argued the jurisdictional issues, and Carl W. Northrop of

---

[1] In the same motion, Community Voice also sought a preliminary injunction.

Paul, Hastings, Janofsky & Walker, L.L.P., in Washington, D.C., who argued the TRO issues, and by local counsel Alan E. Fredregill of the Heidman Law Firm, L.L.P., in Sioux City, Iowa.

MetroPCS is correct that the court must resolve MetroPCS's challenge to personal jurisdiction before the court considers the merits of Community Voice's Motion For Temporary Restraining Order. *See, e.g., Pro Edge, L.P. v. Gue*, 374 F. Supp. 2d 711, 724-25 (N.D. Iowa 2005).[2] Indeed, the court finds MetroPCS's challenge to personal jurisdiction is dispositive of the motions before the court.

For essentially the reasons stated in MetroPCS's Motion To Dismiss and supporting papers, MetroPCS has no contacts with Iowa relevant to personal jurisdiction other than certain agreements that allow its customers, all in major metropolitan areas not within the state of Iowa, to access cellular networks nationwide ("roaming" agreements) and otherwise to complete long-distance calls ("long-distance service contracts"). The court also finds that MetroPCS is correct that every court to consider the question has held that "roaming" agreements are not sufficient to establish personal jurisdiction over a cellular service provider, unless the dispute is directly related to the "roaming" agreement, which is not the case here. *See Attachmate Corp. v. Celcom Axiata Berhad*, 2010 WL 4856793 (W.D. Wash. Nov. 22, 2010); *Technology Patents, L.L.C.. v. Deutsche Telkom AG*, 573

---

[2] Courts agree that a defendant does not waive a challenge to personal jurisdiction by responding to a motion for a temporary restraining order or a motion for preliminary injunction, if that defendant has filed a challenge to personal jurisdiction before or as part of its response to the motion for preliminary injunctive relief. *See, e.g., SAS Inst., Inc. v. World Programming Ltd.*, 2011 WL 322408, *2 (E.D.N.C. Jan. 28, 2011) (citing cases). However, because the court found that the personal jurisdiction issue was dispositive of these matters, the court never entertained separate oral argument concerning TRO issues on February 25, 2011.

F. Supp. 2d 903 (D. Md. 2008); *Thomas v. Centennial Commc'ns Corp.*, 2006 WL 6151153 (W.D.N.C. Dec. 20, 2006); *but see New Comm Wireless v. SprintCom, Inc.*, 213 F. Supp. 2d 61 (D.P.R. 2002) (finding specific jurisdiction because the cause of action resulted from a party's disregard of the roaming agreement). Community Voice has not convincingly distinguished these cases. Although Community Voice contends that MetroPCS has "long-distance service contracts" with other carriers, as well as "roaming" agreements with other wireless carriers, and that it is the "long-distance service" and "call-blocking" that are primarily relevant here, Community Voice has not explained convincingly why the "long-distance service contracts" should lead to a different result from "roaming" agreements in the analysis of MetroPCS's contacts with Iowa. Community Voice also misrepresents, or at least overstates and mischaracterizes, the record evidence, including the Declaration of Kenneth Jessen, Defendant's Motion To Dismiss, Exhibit A, as showing that MetroPCS "admits" that "it has customers in Iowa," and has expressly contracted with carriers to act as its agent "in Iowa." The court also concludes that, even if the "effects" of MetroPCS's alleged call blocking occur in Iowa, that is not enough to confer personal jurisdiction over MetroPCS, even for any intentional torts, because the Eighth Circuit Court of Appeals construes the "effects" test narrowly, as an additional factor in an intentional tort case; thus, "absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Johnson v. Arden*, 614 F.3d 785, 796-97 (8th Cir. 2010). Consequently, this court lacks personal jurisdiction over defendant MetroPCS.

The lack of personal jurisdiction precludes consideration of Community Voice's Motion For Temporary Restraining Order or, indeed, further consideration of Community Voice's Complaint in this court. *See Med-Tec Iowa, Inc. v. Computerized Imaging Reference Sys., Inc.*, 223 F. Supp. 2d 1034, 1035 (S.D. Iowa 2002) (holding that the court lacked personal jurisdiction over defendant and, therefore, did not need to reach the merits

4

of a motion for preliminary injunction). MetroPCS represents that it has filed a declaratory judgment suit in the United States District Court for the District of Maryland against Community Voice that will address the same substantive issues raised in Community Voice's Complaint in this action. Thus, it does not appear that Community Voice will be left without a forum for the determination of its claims. Moreover, contrary to the court's comments on the record on February 25, 2011, that it would simply dismiss rather than transfer this case to the District of Maryland, the court has now determined that it can transfer the case, notwithstanding the lack of personal jurisdiction, and the court will do so. *See Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Geseellshaft, MBH*, 495 F.3d 582, 584 (8th Cir. 2007) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962), as holding that 28 U.S.C. § 1406(a) grants district courts the power to transfer cases for lack of personal jurisdiction, as well as for improper venue).

THEREFORE, defendant MetroPCS's February 24, 2011, Motion To Dismiss For Lack Of Personal Jurisdiction (docket no. 13) is **granted**, to the extent that the court finds that it lacks personal jurisdiction over defendant MetroPCS; plaintiff Community Voice's February 22, 2011, Motion For Temporary Restraining Order And Preliminary Injunction (docket no. 4) is **denied** without prejudice to assertion in a court with personal jurisdiction over the parties; and this case is **transferred** to the District of Maryland pursuant to 28 U.S.C. § 1406.

**IT IS SO ORDERED.**

**DATED** this 25th day of February, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA